Filed 8/5/25  Conservatorship of K.H. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sutter)

----

| | |
|---|---|
| Conservatorship of the Person of K.H. | C102767 |
| SUTTER COUNTY PUBLIC GUARDIAN, as Conservator, etc., | (Super. Ct. No. CVSM220000390) |
| Petitioner and Respondent, | |
| v. | |
| K.H., | |
| Objector and Appellant. | |

Following a trial, a jury found appellant K.H. to be gravely disabled within the meaning of the Lanterman-Petris-Short Act (LPS) (Welf. & Inst. Code, § 5000 et seq.). The trial court reappointed the Sutter County Public Guardian-Conservator (Public Guardian) as K.H.'s conservator for a one-year period.  Appointed counsel for K.H. filed an opening brief under *Conservatorship of Ben C.* (2007) 40 Cal.4th 529 (*Ben C.*) setting forth the facts of the case.  K.H. filed a supplemental brief in which she raised no

1

cognizable claim as to the proceedings appealed from. Accordingly, we dismiss the appeal. (*Id.* at p. 544.)

## I. BACKGROUND

On April 19, 2022, the trial court appointed the Public Guardian to be the conservator of the person and estate of K.H. The court subsequently renewed the conservatorship on July 11, 2023.

On July 23, 2024, the Public Guardian petitioned to be reappointed as K.H.'s conservator. K.H. opposed the reappointment and requested a jury trial.

At trial, Dr. Meekile Mason testified as an expert. Based on an interview with K.H., a review of her medical records, and his prior experience as K.H.'s attending psychiatrist, Dr. Mason opined that K.H. met the diagnostic criteria for schizoaffective disorder bipolar type. Dr. Mason's opinion was that, because of this psychiatric condition, K.H. was gravely disabled and could not live independently. The Public Guardian also testified that in her opinion K.H. could not live independently.

Dr. Donald Siggins, a psychologist, testified that he had met with K.H. five times to evaluate her. He concluded that K.H. "indeed suffers from a schizophrenic spectrum disorder that is -- it's well controlled with a long-term medication that she gets once a month." Dr. Siggins testified that "the medication has blocked the bad symptoms of her disorder. And that with those symptoms under control that I felt she would be able to provide for her basic needs."

The jury found K.H. to be presently gravely disabled due to a mental disorder. The trial court reappointed a conservator for a period of one year.

K.H. timely appealed.

## II. DISCUSSION

In *Ben C.*, the California Supreme Court concluded that the procedures referenced in *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738

2

are not required in the appeal of a conservatorship under the LPS Act. (*Ben C.*, *supra*, 40 Cal.4th at pp. 536-537.) We decline to review the record for error.

In her supplemental brief, K.H. raises numerous points that are unrelated to her jury trial and the order reappointing her conservator. At one point, she indicates that "[b]oth doctors on this case has [*sic*] stated widley [*sic*] on an expertise that I wasn't gravely disabled." But that is not true, as Dr. Mason opined she was gravely disabled. K.H. says that when the Public Guardian testified "they believed her which a lot of her statements weren't factual." No claim is raised related to this assertion. K.H. also asserts that she now has an expert, Dr. Wong, "stating I am ready for independent living, a very good psychologist." Again, this point has no bearing on the judgment appealed from, as evidence from this expert was not introduced at trial.

Having discerned no cognizable claim in K.H.'s supplemental brief, we dismiss the appeal. (*Ben C.*, *supra*, 40 Cal.4th at p. 544.)

### III. DISPOSITION

The appeal is dismissed.

/s/_____
WISEMAN, J.*

We concur:

/s/_____
MAURO, Acting P. J.

/s/_____
KRAUSE, J.

_____

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

3